ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
JAMIE SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
CHAD SAUNDERS, ESQ. (SBN 257810)
chad@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff DAVID JOSEPHSON

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPHSON, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAMON CONSTRUCTION COMPANY INC., a California Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00043<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Recovery of Unpaid Minimum Wages and Liquidated Damages**<br><br>2. **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br><br>3. **Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br><br>4. **Failure to Furnish Accurate Itemized Wage Statements**<br><br>5. **Failure to Timely Pay All Wages Due Upon Separation of Employment**<br><br>6. **Failure to Reimburse Business Expenses *and***<br><br>7. **Unfair Competition**<br><br>Action Filed: November 8, 2022<br>Removal Filed: January 9, 2023<br>Trial: TBD |

PLAINTIFF'S FIRST AMENDED COMPLAINT          1

Plaintiff, DAVID JOSEPHSON ("PLAINTIFF"), as an individual on behalf of himself and on behalf of all others similarly situated hereby files this First Amended class action Complaint against Defendants LAMON CONSTRUCTION COMPANY INC., a California Corporation; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1. DEFENDANTS removed this action on January 9, 2023, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1441(a)–(b). DEFENDANTS allege that "venue in this Court is proper pursuant to 28 U.S.C. §§ 84(b) and 1441(a) as well as Civil L. R. 120(d) because the Eastern District of California is the federal judicial district and division embracing the Superior Court of California, County of Sutter, where the Complaint was originally filed." *See* Dkt. 1 at 2:9-13.

## THE PARTIES

2. PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California. PLAINTIFF was employed by DEFENDANTS in the State of California as a non-exempt employee from in or around late 2019 through February 2022.

3. PLAINTIFF worked for DEFENDANTS as an hourly-paid construction worker. Most of PLAINTIFF's work was performed in Sutter County.

4.    DEFENDANTS are California corporation that, at all relevant times, were authorized to do business within the State of California and are doing business in the State of California.

5.    DEFENDANTS own, operate, or otherwise manage a construction company, providing construction of nonresidential buildings and other construction services to customers in California.

6.    On information and belief, Defendant LAMON CONSTRUCTION COMPANY INC., is a California Corporation, duly licensed to conduct business in the State of California, and it maintains its principal place of business in Sutter County, California.

7.    The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

8.    PLAINTIFF is further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint

enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **JOINT LIABILITY**

9.      Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id*. Moreover, the California Court of Appeal recently broadened the test for joint

employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

10. During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class Members to work for them.

11. PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices across all of their locations/facilities and subjected all of the Class Members to these same policies and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is informed

and believes that: (1) there is common ownership in, and financial control, in DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control over the day-to-day operations and employment matters, including the power to hire and fire, set schedules, issue employee policies, and determine rates of compensation across its locations in California; (3) DEFENDANTS utilize the same policies and procedures for all California employees, including issuing the same employee handbooks and other form agreements; (4) DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee employment matters; and, (6) DEFENDANTS share employees.

12. PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members.

13. Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, reimbursement of business expenses and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that

DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members' employment with or without cause. Upon information and belief, DEFENDANTS further collectively represented to PLAINTIFF and Class Members in writing the details of their compensation, and the manner in which they were to take meal and rest periods, the procedures required by DEFENDANTS collectively for recordation of hours worked and the policies applicable to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage rates of PLAINTIFF and Class Members.

14. Thus, DEFENDANTS collectively exercised the right to control the wages, hours and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively held the right to control virtually every aspect of PLAINTIFF's and the Class Members' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seeks relief in this Complaint.

15. PLAINTIFF is informed and believes that DEFENDANTS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other Class Members.

## **CLASS ALLEGATIONS**

16.     PLAINTIFF brings this action on behalf of himself, and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

> All current and former non-exempt employees that worked either directly or via a staffing agency for DEFENDANTS at any location in California at any time within the four years and 178 days prior to the filing of the initial Complaint ("Class Period").[1]

> a.   Numerosity. While the exact number of Class Members is unknown to PLAINTIFF at this time, the Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. PLAINTIFF is informed and believes the Class consists of at least 100 individuals.

> b.   Common Questions of Law and Fact. This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANTS

---

[1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a) (California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 to October 1, 2020."

understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum wages, under California law; (2) whether DEFENDANTS provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANTS provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq.*

c. <u>Ascertainable Class.</u> The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the

Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. <u>Superiority.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.

Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## FACTUAL AND LEGAL ALLEGATIONS

17. During the relevant period, PLAINTIFF, and each of the Class Members worked for DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

18. PLAINTIFF was employed by DEFENDANTS as a non-exempt employee. PLAINTIFF worked for DEFENDANTS as a construction worker in Yuba City (Sutter County) from in or around 2019 through February 2022. PLAINTIFF

regularly worked at least eight (8) hours per day, at least five (5) days per week. Occasionally, PLAINTIFF had shifts as long as 13 hours per day. During most of his employment with DEFENDANTS, PLAINTIFF worked on a paving crew consisting of at least ten (10) other construction workers.

19.     PLAINTIFF consistently worked without being provided a first or second meal period. For example, on August 23, 2021, PLAINTIFF worked approximately 8 hours, but was not provided with a first meal period. On August 24, 2021, PLAINTIFF worked approximately 9 hours, but was not provided with a first meal period. On August 25, 2021, PLAINTIFF worked approximately 8 hours and was not provided with a first meal period. On August 26, 2021, PLAINTIFF worked approximately 12 hours and was not provided with a first or second meal period. On August 27, 2021, PLAINTIFF worked approximately 12.5 hours and was not provided with a first or second meal period. PLAINTIFF was also not authorized or permitted to take rest breaks at any time, including, for example, during the August 23, 2021 through August 27, 2021 workweek. PLAINTIFF was not paid premium wages for unprovided meal or rest periods at any time, including during for the August 23, 2021 through August 27, 2021 workweek. Based on information and belief, DEFENDANTS automatically deducted thirty minutes of wages from PLAINTIFF's pay per shift for a meal period PLAINTIFF did not receive between August 23, 2021 and August 27, 2021. This time was compensable work time that was owed to PLAINTIFF as hours worked.

20.     On October 11, 2021, PLAINTIFF worked approximately 10.5 hours, but was not provided with a first or second meal period. On October 12, 2021, PLAINTIFF worked approximately 9 hours, but was not provided with a first meal period. On October 14 and 15, 2021, PLAINTIFF worked approximately 8.5 hours each day, but was not provided with a first meal period. PLAINTIFF was not paid meal period premiums for these unprovided meal periods. PLAINTIFF was also not authorized or permitted to take rest breaks at any time, including, for example, during the October 11, 2021 through October 15, 2021 workweek. PLAINTIFF was not paid premium wages for unprovided meal or rest periods at any time, including during the October 11, 2021 through October 15, 2021 workweek. Based on information and belief, DEFENDANTS automatically deducted thirty minutes of wages from PLAINTIFF's pay per shift for a meal period PLAINTIFF did not receive between October 11, 2021 and October 15, 2021. This time was compensable work time that was owed to PLAINTIFF as hours worked.

21.     Similarly, PLAINTIFF worked during the November 28, 2021 to December 4, 2021 pay period and was not provided with first or second meal break. PLAINTIFF was also not authorized or permitted to take rest breaks at any time, including for example, during the November 28, 2021 to December 4, 2021 workweek. PLAINTIFF was not paid premium wages for unprovided meal or rest periods at any time, including during the November 28, 2021 to December 4, 2021 workweek. Based on information and belief, DEFENDANTS automatically deducted

thirty minutes of wages from PLAINTIFF's pay per shift for a meal period PLAINTIFF did not receive between November 28, 2021 and December 4, 2021. This time was compensable work time that was owed to PLAINTIFF as hours worked.

22. Furthermore, PLAINTIFF's wage statements failed to comply with Labor Code section 226, as the wage statements PLAINTIFF received the August 23-27, 2021, October 11-15, 2021, and November 28-December 4, 2021 pay periods failed to list the correct total hours worked (failing to include time spent working during automatically deducted meal breaks and other off-the-clock work), failed to include the correct gross and net wages earned, and failed to include meal and rest period premium pay.

23. PLAINTIFF was not reimbursed for the business use of his cellphone, which was used to communicate with DEFENDANTS, including supervisors, foremen, and other Class Members regarding work-related issues. PLAINTIFF was also not reimbursed for the business use of his personal vehicle, including mileage, wear and tear, and gas when he was required to drive between job sites. On information and belief, during the workweeks of August 23-27, 2021, October 11-15, 2021, and November 28-December 4, 2021, PLAINTIFF was required to use his personal vehicle for business purposes without reimbursement for mileage, wear and tear on the vehicle, or gas. On information and belief, during the workweeks of August 23-27, 2021, October 11-15, 2021, and November 28-December 4, 2021, PLAINTIFF was required to use his personal cellphone and data plan for business purposes without

reimbursement.

24.     At all relevant times, PLAINTIFF was a non-exempt employee that was paid on an hourly basis for time counted by DEFENDANTS as hours worked. PLAINTIFF's employment with DEFENDANTS terminated on or around February 2022.

25.     **Unpaid Minimum Wages**. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise unlawful practices for missed or improper meal periods, as explained below.

26.     Based on information and belief, DEFENDANTS implemented a policy and/or practice of rounding meal period start and end times and/or automatically deducting at least thirty minutes per shift for meal periods, despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and Class Members of all wages owed.

27.     Based on information and belief, Class Members were not paid for all hours worked due to DEFENDANTS' policy and/or practice of rounding time entries

or paying according to scheduled hours worked instead of actual time worked, and/or mandated off-the clock work policies and/or practices.

28. Based on information and belief, DEFENDANTS failed to pay Class Members for time they were required to spend completing orientation, policy questionnaires, and/or time spent completing the onboarding process including but not limited to reviewing various documents and policies provided by DEFEDANTS. Based on information and belief, this work time was completed off-the-clock and was not compensated.

29. Based on further information and belief, DEFENDANTS implemented a time-rounding system that as applied systematically deprived PLAINTIFF and other Class Members of compensable time because the time-rounding system implemented by DEFENDANTS would almost always, if not always, result in understating actual compensable work time.

30. DEFENDANTS' failure to pay for all time worked by virtue of its time rounding, auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of minimum wages owed to PLAINTIFF and Class Members.

31. Based on information and belief, DEFENDANTS had actual and/or constructive knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to provide lawful meal periods (as described below)

and/or other off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members, in violation of California's minimum wage laws.

32.     **Meal Period Violations**. PLAINTIFF and other Class Members consistently worked shifts of at least five and one-half hours or more, entitling them to at least one meal period. However, PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first and second meal periods. Based on information and belief, Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all their meal periods due to understaffing, the nature and constraints of their job duties and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

33.     Based on information and belief, other Class Members were consistently suffered and permitted to take meal periods past the fifth hour of work and/or had their meal periods interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or the need to meet DEFENDANTS' goals and expectations.

34.     Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve Class Members of all duties and

DEFENDANTS' control during unpaid meal periods.

35. Based on information and belief, DEFENDANTS required Class Members to complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take into account when scheduling meal periods for Class Members. Based on information and belief, meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

36. Based on information and belief, despite DEFENDANTS' failure to provide lawful meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive lawful meal periods.

37. Moreover, per DEFENDANTS' uniform policy and practice, Class Members who worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute second meal period.

38. Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and other Class Members as to the timing and duty-free nature of meal periods. Based on further information and belief, DEFENDANTS did not have a compliant written meal period policy, nor did DEFENDANTS have any sort of compliant policy in practice.

39.     Moreover, based on information and belief, DEFENDANTS failed to keep accurate records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based on information and belief, to the extent meal period were recorded, DEFENDANTS illegally rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class Members not being paid for all time worked as well as late and/or shortened meal periods. *See Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

40.     Based on information and belief, DEFENDANTS had actual and/or constructive knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation of California's meal period laws.

41.     DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional hour of wages at their respective regular rates of compensation for each workday a lawful meal period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each workday a lawful meal period was not provided and/or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift differential pay and/or other non-discretionary compensation into the regular rate or compensation for purposes of calculating the owed meal period premium.

42.     **Rest Period Violations**. DEFENDANTS did not properly authorize and provide PLAINTIFF and other Class Members with legally compliant rest periods at

a rate of every four (4) hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the work period, as required by law.

43.     PLAINTIFF and other Class Members were not adequately informed, authorized, instructed about, nor permitted an opportunity to take proper rest periods per California law. Based on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of duty-free rest periods.

44.     Based on information and belief, DEFENDANTS did not have a have a compliant written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in practice.

45.     Based on information and belief, Class Members' rest periods were interrupted, cut short, on duty, restricted to work premises and/or late due to understaffing, the nature and constraints of their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest periods completely or otherwise take non-compliant rest periods.

46.     Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts lasting longer than ten hours.

47.     Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and DEFENDANTS' control during rest periods.

48.     Based on information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods

were only taken once tasks were completed, and/or as time permitted.

49.     Furthermore, DEFENDANTS failed to pay a rest period premium for each day in which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a proper rest period was not provided and/or failed to pay the proper rest period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of calculating the owed rest period premium.

50.     **Inaccurate Wage Statements**. During the relevant period, DEFENDANTS failed to provide PLAINTIFF and other Class Members with accurate wage statements that complied with Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

51.     DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also failed to indicate the earned gross and net wages earned during the pay period, the correct applicable rates of pay for all hours worked, and the total hours

worked by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices) which results in a violation of Labor Code section 226(a).

52. As described herein, based on information and belief, DEFENDANTS also failed to incorporate all forms of non-discretionary compensation earned during the pay period into the overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour of overtime worked by PLAINTIFF and other Class Members.

53. Moreover, based on information and belief, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that further violate Labor Code section 226(a), by among other things, failing to list the correct name and/or address of the legal entity that is the employer.

54. As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that were not accurate and did not include all of the statutorily required information. As such, DEFENDANTS violated Labor Code section 226.

55. **Failure to Timely Pay All Wages Upon Separation of Employment**. Based on information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due and owing upon termination or resignation. Based on information and belief, DEFENDANTS untimely provide final wages to Class

Members without regard to the timing requirements of Labor Code sections 201-202.

56. Upon separation of employment, Class Members' final paychecks were not timely provided and/or were not timely provided with all owed vacation pay and/or paid time off. Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all wages owed as they were devoid of, including but not limited to, all owed minimum wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

57. These violations subject DEFENDANTS to civil penalties under Labor Code section 203, 210, and/or 256.

58. **Unreimbursed Business Expenses**. Based on information and belief, DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct consequence of the performance of their job duties without providing reimbursement, in violation of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members were improperly required to provide and maintain work tools that are supposed to be the responsibility of the employer.

59. Based on information and belief, DEFENDANTS shifted the costs of doing business onto Class Members by requiring them to pay for business expenses, including but not limited to, the use of Class Members' personal mobile phone and data usage for work related purposes to receive and respond to work related messages and/or phone calls.

60. Based on information and belief, DEFENDANTS regularly failed to

reimburse and indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802, PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by DEFENDANTS.

61.     DEFENDANTS' failure to provide Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

62.     PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices and that DEFENDANTS applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

## FIRST CAUSE OF ACTION

### Recovery of Unpaid Minimum Wages and Liquidated Damages

### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

63.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

64.     Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage.  Payment to an employee of

less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

65. DEFENDANTS violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things, DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to scheduled hours worked rather than actual hours worked (described above), which resulted in the failure to account for all hours worked and thus the denial of minimum wages.

66. DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and Class Members for all hours worked.

67. Based on information and belief, DEFENDANTS had actual or constructive knowledge that its time-rounding policies and practices, auto-deduction policies and practices for meal periods, failure to relieve employees of all duties and employer control during unpaid meal periods, policy and practice of payment according to scheduled work time rather than actual work time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members.

68. Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class Members are entitled to recover all unpaid minimum wages and liquidated

damages thereon, plus attorney's fees and costs, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### Failure to Provide Meal Periods or Compensation in Lieu Thereof

### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

69.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

70.     Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute meal break free from all duties and employer control for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so.

71.     Employers must pay employees an additional hour of wages at the employees' regular rate of pay for each missed or unlawful meal period (e.g., less than

30 minutes, interrupted meal period, first meal period provided after five (5) hours, second meal period provided after 10 hours). Lab. Code § 226.7.

72.    As explained above, PLAINTIFF and other Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all of their meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

73.    Based on information and belief, DEFENDANTS had and continue to have a policy of rounding the start and end times of employees' meal periods and/or automatically deducting thirty minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class Members did not receive compliant meal periods.

74.    Moreover, based on information and belief, Class Members did not receive a timely, uninterrupted second meal period when working shifts over ten (10) hours in a workday.

75.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had actual and/or constructive knowledge that its time-rounding and auto-deduction policies and practices, other unlawful policies and practices resulted in the denial of compliant meal periods in violation of California's meal period laws.

76.   DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal periods in violation of California law and/or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift differential pay and/or other non-discretionary compensation into the regular rate or compensation for purposes of calculating the owed meal period premium.

77.   As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members are entitled to one additional hour's pay at the employee's regular rate of compensation for each day a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs, all in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

**Failure to Provide Rest Periods or Compensation in Lieu Thereof**

**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

78.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

79.   Labor Code section 226.7 and all applicable IWC Wage Orders require an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012), the California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts from

3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10 hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029). The rest period requirement obligates employers to permit and authorize employees to take off-duty rest periods, meaning employers must relieve employees of all duties and relinquish control over how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

80.    If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide at least one legally required rest period, pursuant to Labor Code section 226.7.

81.    PLAINTIFF and the Class Members did not receive legally compliant, timely 10-minute rest periods for every four (4) hours worked or major fraction thereof. As explained above, any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to DEFENDANTS' control due to the nature and constraints of Class Members' job duties, understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to skip rest periods completely or otherwise take non-compliant rest periods.

82.    Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer control during rest periods.  Based on further information and belief, Class Members were pressured to complete their work duties according to a

designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

83.     As a result, PLAINTIFF and Class Members did not receive legally compliant first, second, or third rest periods as required by California law.

84.     Moreover, based on information and belief, DEFENDANTS failed to pay a rest period premium to PLAINTIFF and other Class Members for each workday in which there was a missed or otherwise unlawful rest period. Based on further information and belief, when a rest premium was paid, DEFENDANTS failed to include non-discretionary compensation including but not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of determining the owed rest period premium.

85.     DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one hour of additional pay at the regular rate of compensation for each workday that a required rest period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at trial.

## **FOURTH CAUSE OF ACTION**

### **Failure to Furnish Accurate Itemized Wage Statements**

### **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

86.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

87.     Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

corresponding number of hours worked at each hourly rate by the employee.

88. As DEFENDANTS failed to provide PLAINTIFF and other Class Members with meal and rest periods that complied with Labor Code section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

89. Moreover, due to violations detailed above, including but not limited to, DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide meal and rest break premiums, and failure to pay all sick leave wages at the proper rates, DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross and net wages earned and the correct applicable rates of pay for all hours worked. Based on information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary compensation earned during the pay period into the regular rate of pay for purposes of calculating the owed overtime rate, and as such, failed to display the proper overtime rate(s) for

each hour of overtime worked by PLAINTIFF and other Class Members.

90. As explained above, wage statements issued by DEFENDANTS failed to list the "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices all described in greater detail *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v. Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

91. Separately, and independent from the above allegations, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by failing to list the correct name and/or address of the legal entity that is the employer.

92. Based on information and belief, wage statements issued by DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is being paid.

93. DEFENDANTS' failure to accurately list all hours worked on all wage statements caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class Members over whether they received all wages owed to them.

94.    As a result, PLAINTIFF and other Class Members have suffered injury as they could not easily determine whether they received all wages owed to them and whether they were paid for all hours worked.

95.    Moreover, as a result of DEFENDANTS' failure to list the correct name and/or address of the legal entity that is the employer, PLAINTIFF and Class Members have suffered injury as they could not contact their employer regarding any question(s) they had about wages paid.

96.    DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and Class Members with accurate, itemized wage statements.

97.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and Class Members are required to participate in this lawsuit and create more difficulty and expense from having to reconstruct time and pay records than if DEFENDANT had complied with its legal obligations.

98.    Pursuant to California Labor Code section 226(e), PLAINTIFF and

Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

99.     Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance with California Labor Code § 226(a).

100.     Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due Upon Separation of Employment**

**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

101.     PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

102.　California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

103.　California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

104.　Based in information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

105.　Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

# SIXTH CAUSE OF ACTION

## Failure to Reimburse Business Expenses

### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

106. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

107. California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees incurred by the employee enforcing the rights granted by this section."

108. Among other things, under California law, when employees must use their personal cellphones for work-related purposes, the employer must reimburse them for a reasonable percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. Id. 1144-1145. California law also requires employers to reimburse employees for automobile expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.*

(2007) 42 Cal.4th 554.

109. As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer.

110. DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

111. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

112. Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### Unfair Competition

### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

113. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

114. DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section

17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum wages by virtue of its illegal policies and practices; DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and practices, payment according to scheduled hours worked and/or other off-the-clock work policies and practices).

115. Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed minimum and to

1    pay all wages due upon separation of employment of their employees.

2       116. As a result of DEFENDANTS' unfair competition as alleged herein,

3
4 PLAINTIFF and Class Members have suffered injury in fact and lost money or

5 property, as described in more detail above. Pursuant to California Business and

6 Professions Code section 17200, *et seq*., PLAINTIFF and Class Members are entitled

7
8 to restitution of all wages and other monies rightfully belonging to them that

9 DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and

10 unfair business practices.

11       117. PLAINTIFF also seeks an injunction against DEFENDANTS on behalf

12
13 of the Class Members, enjoining DEFENDANTS and any and all persons acting in

14 concert with them from engaging in each of the unlawful practices and policies set

15
16 forth herein.

17       118. PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ.

18
19 Proc. Section 1021.5 and as permitted by law, and an award for costs reasonably

20 incurred, as permitted by law.

21 <b><u>PRAYER FOR RELIEF</u></b>

22

23       WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of

24 PLAINTIFF and Class Members as follows:

25
26    1. For an order that the action be certified as a class action;

27    2. For an order that PLAINTIFF be appointed as class representative;

28    3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq*., of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.


Dated:  January 30, 2023                          **CROSNER LEGAL, PC**


By:  /s/ Chad Saunders
               Michael R. Crosner, Esq.
               Zachary M. Crosner, Esq.
               Jamie Serb, Esq.
               Chad Saunders, Esq.

               Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated:  January 30, 2023                          **CROSNER LEGAL, PC**


By:  /s/ Chad Saunders
                  Michael R. Crosner, Esq.
                  Zachary M. Crosner, Esq.
                  Jamie Serb, Esq.
                  Chad Saunders, Esq.

                  Attorneys for Plaintiff
                  DAVID JOSEPHSON