ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
JAMIE SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
CHAD SAUNDERS, ESQ. (SBN 257810)
chad@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff DAVID JOSEPHSON

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPHSON, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>LAMON CONSTRUCTION COMPANY INC., a California Corporation,<br><br>     Defendant. | Case No.: 2:23-cv-00043<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Dale A. Drozd<br>Courtroom: 4, 15th Floor |

## I.  INTRODUCTION

Defendant Lamon Construction Company, Inc. ("Defendant") seeks to compel arbitration of Plaintiff David Josephson's ("Plaintiff") California Labor Code claims based on the grievance and arbitration procedures contained in a collective bargaining agreement ("CBA"). As described in Plaintiff's motion for remand (Dkt. 21) and his Opposition to Defendant's Motions to Dismiss (filed concurrently), Plaintiff asserts that his claims (and Defendant's defenses) are more properly determined by a California Superior Court judge and are not preempted by Section 301 of the LMRA. In response to these motions to compel arbitration, Plaintiff requests that the Court allow Plaintiff's representative claims under PAGA to proceed if any other claims are ordered to individual arbitration.

## II.  BACKGROUND

On November 8, 2022, David Josephson, a former employee of Defendant, filed a wage and hour class action complaint in the Superior Court of the State of California for the County of Sutter. In response to Defendant's first motion to dismiss (Dkt. No. 4), Plaintiff filed a First Amended Class Action Complaint (Dkt. No. 8), which removed Plaintiff's claims for unpaid overtime.

On January 18, 2023, also in Sutter County Superior Court, Plaintiff filed a representative action against Defendant for civil penalties under the California Labor Code Private Attorneys General Act of 2004, Cal. Labor Code § 2698, et seq. ("PAGA"). Defendant removed the class action complaint to this Court on January 9, 2023, and removed the PAGA action on February 22, 2023. Pursuant to the Parties' stipulation, this Court consolidated the class action and the PAGA action under case number 2:23-cv-00043.

In the consolidated action Plaintiff alleges statewide Labor Code violations against Defendant for: (1) Recovery of Unpaid Minimum Wages and Liquidated Damages; (2) Failure to Provide Meal Periods or Compensation in Lieu Thereof; 3) Failure to Provide Rest Periods or Compensation in Lieu Thereof; 4) Failure to Furnish Accurate Itemized Wage Statements; 5) Failure to Timely Pay All Wages Due Upon Separation of Employment; 6) Failure to Reimburse Business Expenses; 7) Unfair Competition; and 8) for civil penalties under the

1  PAGA. *Id.*

2  ### III.  ARGUMENT

3       In ruling on a motion to compel arbitration, the court must first determine whether the

4  parties actually agreed to arbitrate the dispute." *Mendez v. Mid-Wilshire Health Care*

5  *Center* (2013) 220 Cal.App.4th 534, 541.  Under both federal and state law, "a collective

6  bargaining agreement validly waives a union member's right to litigate federal or state claims in a

7  judicial forum only if the waiver is clear and unmistakable." *Choate v. Celite Corp.* (2013) 215

8  Cal.App.4th 1460, 1465, citing *Vasquez v. Superior Court* (2000) 80 Cal.App.4th 430, 434–

9  435; *14 Penn Plaza LLC v. Pyett* (2009) 556 U.S. 247, 272, 274.

10       In order to be clear and unmistakable, an arbitration agreement must explicitly state that

11  the employees agree to submit their statutory claims to arbitration. *Vasquez*, *supra*, 80

12  Cal.App.4th at 435.  Alternatively, a waiver in a CBA may be sufficiently clear if broad,

13  nonspecific language in the arbitration clause is coupled with "an 'explicit incorporation of

14  statutory . . . requirements' elsewhere in the contract."  *Id.*

15  ### A.  UNION-NEGOTIATED WAIVERS IN COLLECTIVE BARGAINING

16  ### AGREEMENTS ARE NOT ENFORCEABLE UNLESS THEY ARE CLEAR

17  ### AND UNMISTAKABLE.

18       A union member is only required to arbitrate claims that are clearly and unmistakably

19  identified and subject to a CBA.  *14 Penn Plaza LLC, supra*, 556 U.S. at 274.  The presumption of

20  arbitrability does not apply where employees who are subject to a CBA bring suit for statutory

21  violations. *Wright v. Universal Maritime Service Corp.* (1998) 525 U.S. 70, 78-79.[1]

22       As the U.S. Supreme Court has recognized, a union-negotiated waiver of employees' right

23  to a judicial forum must be "clear and unmistakable." *Id.* at 80.  Courts "will not infer from a

24  general contractual provision that the parties intended to waive a statutorily- protected right unless

25  the undertaking is 'explicitly stated.'"  *Id.*  This is because, "the right to a . . . judicial forum is of

26

27  ───────────────

[1] In *Wright*, the U.S. Supreme Court explained the basis for this exception:  while arbitrators are
28  generally better qualified to interpret the terms of a collective bargaining agreement, they are not
better qualified than judges to interpret and apply statutes.  525 U.S. at 70.

Opposition to Motion to Compel Arbitration                    Case No. 2:23-cv-00043-DAD-AC

sufficient importance to be protected against less-than-explicit union waiver in a [collective bargaining agreement]." *Id.*

California courts have held without exception that "broad, general language is not sufficient to meet the level of clarity required to effect a waiver in a collective bargaining agreement." *Vasquez*, *supra*, 80 Cal.App.4th at 435.  As the Second Appellate District explained in *Vasqez*:

> In the collective bargaining context, the parties "must be particularly clear" about their intent to arbitrate statutory discrimination claims.  A waiver in a collective bargaining agreement is sufficiently clear if it is found in an explicit arbitration clause. "Under this approach, the [collective bargaining agreement] must contain a clear and unmistakable provision under which the employees agree to submit to arbitration all [state and federal statutory] causes of action arising out of their employment."

*Id.; accord, Vasserman v. Henry Mayo Newall Hall Memorial Hosp.*, 8 Cal. App. 5th 236 (2017).

A waiver in a collective bargaining agreement may also be sufficiently clear if broad, nonspecific language in the arbitration clause is coupled with "an 'explicit incorporation of statutory antidiscrimination requirements' elsewhere in the contract. If another provision, like a nondiscrimination clause, makes it unmistakably clear that the discrimination statutes at issue are part of the agreement, employees will be bound to arbitrate their [state and federal statutory] claims."

*Wright* and *Vasquez* remain good law in the wake of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333.  *See Mendez*, 220 Cal. App. 4th at 547 (rejecting the argument that *Concepcion* overruled *Wright* and *Vasquez*); *Choate, supra*, 215 Cal.App.4th at 1465 ("[A] collective bargaining agreement validly waives a union member's right to litigate federal or state claims in a judicial forum only if the waiver is clear and unmistakable."); *Wawock v. CSI Electrical Contractors, Inc.* (2014) 2014 U.S. Dist. LEXIS 150094 at p. 6 ("[Courts] will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is explicitly stated.").

The analysis in *Wright* and *Vasquez* applies equally to wage and hour claims brought under the California Labor Code. *See*, *e.g.*, *Bearden v. U.S. Borax, Inc.* (2006) 138 Cal.App.4th 429, 441 (no requirement to arbitrate meal period violations where the CBA does not "expressly relate" to such claims). The *Bearden* court looked to *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949 for guidance. In *Cicairos*, the court concluded that plaintiffs were not required to arbitrate the statutory claims because the CBA did not contain a provision "whereby the plaintiffs agreed to arbitrate alleged violations of statutory rights." *Cicairos, supra*, 133 Cal.App.4th at 959.

In order for a CBA to compel employees to waive a judicial forum for their statutory claims, the arbitration provision must be "particularly clear." *Volpei v. County of Ventura* (2013) 221 Cal.App.4th 391, 394 (citations omitted). "Broad, general language is not sufficient to meet the level of clarity required to effect a waiver in a [collective bargaining agreement." *Vasquez, supra*, 80 Cal.App.4th at 435.

In *Mendez*, the court Second District Court of Appeal affirmed the trial court's denial of a motion to compel arbitration based upon the following facts:

> The arbitration provision in the collective bargaining agreement between Mid-Wilshire and the union contains very general language regarding grievances. It does not mention FEHA, it does not explicitly incorporate by reference any statutory antidiscrimination laws, and it does not contain an explicit waiver of the right to seek judicial redress for statutory discrimination causes of action. Nothing in the agreement makes non-compliance with FEHA subject to the arbitration provision.

220 Cal.App.4th at 544; *see also Vasquez, supra*, 80 Cal.App.4th at 436 (general language making all contractual disputes subject to arbitration not sufficient to compel arbitration); *cf. 14 Penn Plaza, supra*, 556 U.S. at 252 (finding "claims made pursuant to Title VII of the Civil Right Act [and] the Americans with Disabilities Act . . . shall be subject to the grievance and arbitration procedure . . . as the sole and exclusive remedy for violations" is language sufficient to require arbitration").

Opposition to Motion to Compel Arbitration                    Case No. 2:23-cv-00043-DAD-AC

Furthermore, *Vasquez* cites with approval a Fourth Circuit case, *Carson v. Giant Food, Inc.* (4th Cir. 1999) 175 F.3d 325, 331.  *Carson* includes the following language:

> General arbitration clauses, such as those referring to "all disputes" or "all disputes concerning the interpretation of the agreement," taken alone do not meet the clear and unmistakable requirement of *Universal Maritime*.  When the parties use such broad but nonspecific language in the arbitration clause, they must include an "explicit incorporation of statutory…requirements" elsewhere in the contract.  (citations omitted)

*See also Choate supra*, 215 Cal.App.4th at 1467 ("To be clear and unmistakable, a waiver must do more than speak in '[broad], general language.'") (citations omitted).

## B.  THE CBA DOES NOT CLEARLY AND UNMISTAKABLY WAIVE PLAINTIFF'S RIGHT TO BRING REPRESENTATIVE PAGA CLAIMS IN COURT.

Defendant argues that the CBA clearly and unmistakably waives Plaintiff's right to bring his California Labor Code claims in Court. Plaintiff is inclined to agree with that assessment, with the exception of Plaintiff's PAGA claims.

In *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, the California Supreme Court considered whether an employer could limit its PAGA exposure by contract. The answer was no. An employee's right to bring a PAGA action "is unwaivable." *Id.* at 383.) This is because an employee's agreement to waive their right to bring a PAGA action would "disable one of the primary mechanisms for enforcing the Labor Code," and as such was against public policy. *Id.* The U.S. Supreme Court decision in *Viking River Cruises v. Moriana* (2022) 142 S.Ct. 1906, 1919 did not preempt this rule. Thus, even after *Viking River*, a contractual waiver of the right to prosecute PAGA claims is unenforceable as against California public policy.

In *Viking River Cruises*, the U.S. Supreme Court held that the anti-waiver rule for PAGA claims in is preempted only "insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." 2022 WL 2135491, at *11. The majority concluded, based on its reading of *Kim v. Reins*, that the plaintiff would lose

"'statutory standing' under PAGA to litigate her 'non-individual' claims separately in state court" upon being compelled to arbitrate.

However, Justice Sotomayor in her concurring opinion emphasized that, "[o]f course, if [the U.S. Supreme] Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word." *Id*. at *11-12 (Sotomayor, J., concurring). Because the question of whether an aggrieved employee whose individual claims are compelled to arbitration loses standing to pursue representative PAGA claims in court is a question of state law which was unnecessary to the result in *Viking River Cruises* and the U.S. Supreme Court's conclusion is at odds with the California Supreme Court's decision in *Kim*, this Court should allow Plaintiff's representative PAGA claims to proceed.

The majority in *Viking River Cruises* concluded, as a matter of preemption under the Federal Arbitration Act ("FAA"), that if an employer mandates arbitration of all workplace disputes, it may require an employee's PAGA claim to be split into two components based on Labor Code violations committed against (1) that individual, and (2) that individual's co-workers. *Id*. at *10-11. The Court acknowledged that PAGA itself did not authorize "individual" PAGA actions. *Id*. at *5 (citing *Kim*, 9 Cal. 5th at 87). But it determined that, where an arbitration agreement encompasses PAGA claims, the FAA impliedly preempts the state's rule that PAGA actions cannot be split into separate remedial portions, which the court described as "what is effectively a rule of claim joinder." *Id*. at *1, 10-11. The Court then applied the severability clause in Viking's arbitration agreement to transform the parties' unlawful contractual prohibition of all PAGA claims into a requirement that plaintiff must arbitrate the "individual" portion of her PAGA claim. *Id*. at *11. At the same time, though, the court reiterated that, although the plaintiff's "individual" PAGA claims must be arbitrated (based upon its application of the severability clause), her "non-individual" PAGA claims "may not be dismissed simply because they are "representative," given the court's conclusion that the FAA does not allow employers to strip employees of substantive state law rights. *Id*.

Instead of remanding for the state courts to determine what would happen to a plaintiff's standing after part of her PAGA claim was compelled to individual arbitration, the majority

Opposition to Motion to Compel Arbitration                                    Case No. 2:23-cv-00043-DAD-AC

simply guessed (incorrectly) at the result, concluding that "as we see it, PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding," and that "[w]hen an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." *Id.* (citing *Kim*, 9 Cal.5th at 90).

That mistaken assumption about how state law would operate is what triggered Justice Sotomayor's concurrence, in which she stated she was joining the majority's opinion only because she recognizes that "in an appropriate case" California courts "will have the last word" concerning the proper application of PAGA standing principles in the circumstances outlined in that case. *Id.* at *12.[2]

PAGA's plain statutory language and the California Supreme Court's interpretation in *Kim* make clear that an "aggrieved employee" who has been authorized to seek civil penalties on behalf of the LWDA is not stripped of statutory standing upon being forced to adjudicate a portion of her claim in arbitration rather than in court. Rather, as the *Kim* court explained, PAGA imposes only two requirements for PAGA standing; and neither depends on whether a portion of the plaintiff's claim has been compelled to arbitration. *See Kim*, 9 Cal. 5th at 83-84. First, the plaintiff must be an "aggrieved employee," defined as someone "who was employed

---

[2] Justice Sotomayor is correct that PAGA standing is a state law issue. It is well established that states have exclusive authority to determine for themselves who has standing to pursue state statutory claims in state court—and those determinations are binding on federal courts, including the U.S. Supreme Court. *Cole v. Richardson*, 405 U.S. 676, 697 (1972) ("This Court must bow to state courts in their construction of state legislation."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."); *Cooper v. California*, 386 U.S. 58, 64 (1967) (citing *Guaranty Trust Co. v. Blodgett*, 287 U.S. 509 (1933)) ("The state court's interpretation of its own statute will not be upset by this Court."); *Hollingsworth v. Perry* 570 U.S. 693, 717-18 (2013) ("Moreover, ordinarily the construction given to a state statute by the state's highest court capable of deciding the question is taken as binding on this Court."). Even the majority acknowledged that the scope of "statutory standing" under PAGA is a state-law question. 2022 WL 2135491, at *11 (asking whether, in light of "PAGA's standing requirement," "PAGA provides [a] mechanism" to address the "non-individual PAGA claims."). So did Justice Barrett in her separate opinion. *Id.* at *12 (Barrett, J., concurring in part and in the judgment) (declining to join Part IV, which "addresses disputed state-law questions").

by the alleged violator." *Id*.; Lab. Code § 2699(c). Second, the plaintiff must be a person "against whom one or more of the alleged violations was committed." *Id*.

That *Viking River Cruises* now allows an employer with an arbitration agreement to split a PAGA plaintiff's claim for civil penalties into two components makes no difference to that plaintiff's standing as a statutory "aggrieved employee." The majority in *Viking River Cruises* based its decision that a plaintiff loses statutory standing to pursue "non-individual" PAGA claims when an arbitration agreement requires the employee to arbitrate "individual" claims for civil penalties on *Kim*'s reference to claims brought by members of the "general public." 2022 WL 2135491, at *11. However, a plaintiff whom the LWDA has deputized to bring suit against an employer as an "aggrieved employee," as Plaintiff was here, is not suing as a member of the general public.

As the California Supreme Court explained in *Kim*, "[t]he Legislature defined PAGA standing in terms of violations, not injury. Kim became an aggrieved employee, and had PAGA standing, when one or more Labor Code violations were committed against him. Settlement did not nullify these violations." *Kim*, 9 Cal. 5th at 84; *see also id*. at 86-97 (plaintiff's "inability to obtain individual relief" on underlying Labor Code claim does not preclude PAGA claim) (citing *Raines v. Coastal Pacific Food Distributors, Inc*., 23 Cal. App. 5th 667, 670 (2018) and *Lopez v. Friant & Assocs., LLC,* 15 Cal. App. 5th 773, 784-85 (2017)); *see also Johnson v. Maxim Healthcare Servs., Inc*., 66 Cal. App. 5th 924, 929 (2021) (holding that, under *Kim*, even an employee whose individual claim was time barred could still pursue a representative PAGA claim).

Put another way, what differentiates an employee like Plaintiff from an ordinary member of the general public who lacks standing is that Plaintiff alleges that (1) he was employed by Defendant, and (2) Defendant committed a series of Labor Code violations against him. *See* Lab. Code § 2699(c).

If the Court finds that FAA preemption requires Plaintiff to pursue the LWDA's claims for civil penalties in two forums, such a ruling does not transform Plaintiff from an "aggrieved employee" with PAGA standing into a member of the general public with no statutory rights.

That is, as a deputized agent of the LWDA, Plaintiff continues to have standing to pursue the full range of remedies available to the LWDA even if compelled to arbitrate the "individual" portion of her PAGA claim.

Apparently recognizing this, Defendant asks the Court to send only Plaintiff's individual PAGA claims to arbitration and to stay his non-individual claims pending the California Supreme Court's decision in *Adolph v. Uber Techs*.

Plaintiff does not contest that his individual PAGA claims must be arbitrated under the terms of the CBA. However, recent California case law allows Plaintiff's representative PAGA claims to proceed in Court simultaneously. *See Nickson v. Shemran, Inc*., No. D080914 at *15 (Cal. Ct. App. Apr. 7, 2023) (plaintiff "has standing to litigate nonindividual PAGA claims in the superior court notwithstanding his agreement to arbitrate individual PAGA claims"); *Piplack v. In-N-Out Burgers*, No. G061098, at *1925 (Cal. Ct. App. Mar. 7, 2023) ("plaintiffs retain standing to pursue representative PAGA claims in court even if their individual PAGA claims are compelled to arbitration"); *Galarsa v. Dolgen Cal*., No. F082404, at 15-16 (Cal. Ct. App. Feb. 2, 2023) (same). Because an arbitration will concern Labor Code violations suffered by Plaintiff individually and the lawsuit concerns Labor Code violations suffered by other aggrieved employees, they can proceed concurrently without any conflict.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motions to Compel Arbitration as to Plaintiff's representative PAGA claims only.

Respectfully submitted,

Dated: April 21, 2023                    **CROSNER LEGAL, P.C.**


By: /s/ *Chad Saunders*
    Chad Saunders

*Attorneys for Plaintiff David Josephson*

Opposition to Motion to Compel Arbitration      Case No. 2:23-cv-00043-DAD-AC