UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPHSON,<br><br>Plaintiff,<br><br>v.<br><br>LAMON CONSTRUCTION COMPANY, INC.,<br><br>Defendant. | No. 2:23-cv-00043-DAD-AC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 21) |

This matter is before the court on plaintiff's motion to remand this action to the Sutter County Superior Court. (Doc. No. 21.) On April 21, 2023, the motion was taken under submission on the papers pursuant to Local Rule 230(g). For the reasons explained below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On November 8, 2022, plaintiff filed a class action lawsuit against defendant Lamon Construction Company, Inc. ("defendant") and unnamed defendants Does 1–100 in the Sutter County Superior Court. (Doc. No. 1-4 at 5.) On January 9, 2023, defendant removed the action to this federal court pursuant to 28 U.S.C. § 1441, on the grounds that federal question jurisdiction exists because plaintiff's claims are preempted under § 301 of the Labor Management Rights Act ("LMRA"), 29 U.S.C. § 185. (Doc. No. 1 at 3.) On January 30, 2023, plaintiff filed

1

1  the operative first amended complaint ("FAC") asserting the following seven causes of action:
2  (1) failure to pay minimum wages in violation of California Labor Code §§ 1194 and 1197 and
3  the applicable Industrial Welfare Commission ("IWC") wage order; (2) failure to provide
4  required meal periods in violation of California Labor Code §§ 226.7 and 512 and the applicable
5  IWC wage order; (3) failure to pay rest period premiums in violation of California Labor Code
6  § 226.7 and the applicable IWC wage order; (4) failure to provide correct wage statements in
7  violation of California Labor Code § 226; (5) failure to pay all wages due upon separation of
8  employment in violation of California Labor Code §§ 201 and 202; (6) failure to reimburse
9  employees for required expenses in violation of California Labor Code § 2802; and (7) unfair
10 competition in violation of California Business and Professions Code § 17200, *et seq.* (*Id.*)

11  On April 7, 2023, plaintiff filed the pending motion to remand, asserting that none of his
12 claims are preempted. (Doc. No. 21.) Defendant filed an opposition on April 21, 2023, and
13 plaintiff filed his reply thereto on May 1, 2023. (Doc. Nos. 25, 31.)

## LEGAL STANDARD

15  A suit filed in state court may be removed to federal court if the federal court would have
16 had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case
17 originally filed in state court presents a federal question or where there is diversity of citizenship
18 among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331,
19 1332(a).

20  The defendant seeking removal of an action from state court bears the burden of
21 establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic*
22 *Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter*
23 *v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564,
24 566–67 (9th Cir. 1992). "If at any time before final judgment it appears that the district court
25 lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If there is
26 any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case
27 to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003);
28 *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398–99.

## ANALYSIS

**A.    Preemption under § 301 of the LMRA**

In its notice of removal, defendant asserts that this court has federal question jurisdiction over this action. (Doc. No. 1 at 3.) Defendant argues that several of plaintiff's claims are preempted by § 301 of the LMRA because they either exist solely under or their adjudication requires interpretation of the terms of the collective bargaining agreement ("CBA") between Lamon Construction Company and Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO. (*Id*. at 2.) In the pending motion to remand, plaintiff seeks remand of this case to the Sutter County Superior Court on the ground that he brings claims only under California law that do not support federal question subject matter jurisdiction. (Doc. No. 21.) Plaintiff argues that none of his claims are preempted because his claims do not rely on the CBA

or depend on an interpretation of the provisions of the CBA. (*Id*. at 7.) The central question posed here is whether, as defendant argues, plaintiff's claims are preempted by federal law. Discussion of the relevant legal framework with respect to that issue is therefore necessary.

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), provides federal courts with original jurisdiction, regardless of the amount in controversy or citizenship of the parties, over any lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). In the specific context of preemption under § 301 of the LMRA, the Ninth Circuit has recognized that preemption "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)); *see also Caterpillar*, 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Hansen v. Grp. Health Coop.*, 902 F.3d at 1057 ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule.").

Section 301 "authoriz[es] federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id.* at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Loc. 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). As the Ninth Circuit has explained,

> federal preemption under § 301 "is an essential component of federal labor policy" for three reasons. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917–18 (9th Cir. 2018) (*en banc*). First, "a collective bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government." *Id.* at 918 (internal quotation marks and citations omitted). Thus, a CBA is part of the "continuous collective bargaining process." *United Steelworkers v. Enter. Wheel & Car Corp.* (*Steelworkers III*), 363 U.S. 593, 596 (1960). Second, because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it "calls into being a

4

> new common law—the common law of a particular industry or of a particular plant." *United Steelworkers v. Warrior & Gulf Navigation Co.* (*Steelworkers II*), 363 U.S. 574, 579 (1960). Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the "'parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." *Id.* at 582. Third, grievance and arbitration procedures "provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Schurke*, 898 F.3d at 918 (internal quotation marks and citation omitted).

*Id.* at 1152.

The determination of whether a claim is preempted by § 301 is made by way of a two-step inquiry. The first question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law," or if instead the right is conferred by a CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). This step requires the court to consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted). If the asserted cause of action is conferred solely by the CBA, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, the court must still decide whether the claim is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Id*. at 1059–60 (citations omitted). "The term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires "looking to" the CBA, it is not preempted. *Burnside*, 491 F.3d at 1060. Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

**B.      Application**

Here, defendant offers undisputed evidence that plaintiff was subject to the terms of a CBA between defendant and the Local Union No. 3 of the International Union of Operating

Engineers, AFL-CIO during his employment with defendant. (Doc. Nos. 1-5, 25.) Based on that showing, defendant contends in its opposition that plaintiff's meal period claim is preempted by § 301 at the first step of the *Burnside* inquiry. (Doc. No. 25 at 12–13.)

1. Meal Period Claim

With respect to the first step of the analysis set out by the court in *Burnside*, defendant persuasively argues that plaintiff's meal period claim is preempted because his right to meal periods exists solely as a result of the CBA. (Doc. No. 25 at 13.)

California Labor Code § 512(a) sets forth requirements for providing meal breaks to employees and § 226.7 requires an employer to pay "one additional hour of pay" to any employee who is not provided a requisite meal break. The California Labor Code also provides, however, that subdivision (a) of § 512 does not apply to an individual "employed in a construction occupation" if "both of the following conditions are satisfied":

> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

California Labor Code § 512(e)-(f).

Here, it is undisputed that plaintiff was employed in a construction occupation; in the FAC, plaintiff alleges he was employed by defendant as a "non-exempt" "construction worker" from "late 2019 through February 2022." (Doc. No. 8 at 2.) Furthermore, defendant has submitted undisputed evidence that the CBA contains express provisions satisfying each of the conditions set forth in § 512(e)(2). (*See* Doc. No. 1-5 at 4–27, 80–87, 101 (expressly providing for wages); 38 (expressly providing for hours of work); 49–50, 67 (expressly providing for working conditions); 41 (expressly providing for meal periods); 43 (expressly providing for final and binding arbitration of disputes concerning application of its meal period provisions); 62 (expressly providing premium wage rates for overtime); 4–27, 80–87, 101 (expressly providing a

6

base rate of pay of more than 30 percent of the applicable California minimum wage).) As a result, plaintiff's right to meal periods "exists solely as a result of the CBA." *Curtis,* 913 F.3d at 1155 (establishing that a plaintiff's right to overtime is preempted when the operating CBA meets the applicable requirements); *see also Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020)[1] ("Marquez's meal period claims under Cal. Lab. Code § 512(a) are statutorily barred by § 512(e)'s 'commercial driver' exception, which exempts commercial drivers covered by a CBA meeting the requirements of § 512(e) from the meal period requirements of § 512(a)" and, "[a]s a result, Marquez's right to meal periods 'exist[s] solely as a result of the [CBAs].'") (quoting *Curtis*, 913 F.3d at 1155).

In the pending motion to remand, plaintiff argues that the fact that his meal period claim is potentially subject to an exemption does not change that his right to meal periods is governed by provisions of the California Labor Code as opposed to the CBA. (Doc. No. 21 at 14.) Because plaintiff did not raise the CBA in his FAC, he argues that defendant's reliance on the CBA and invocation of the exemption are part of an affirmative defense, which does not alter the nature of his claim. (*See id.*) (citing *Galeano v. Am. etc., Inc.*, No. 16-cv-00033-PJH, 2016 WL 908093, at *1, *5 (N.D. Cal. Mar. 10, 2016); *Cuellar-Ramirez v. US Foods, Inc.*, No. 16-cv-00085-RS, 2016 WL 1238603, at *1, *13 (N.D. Cal. Mar. 22, 2016)). However, the cases relied upon by plaintiff in support of this assertion come from a time of a split amongst district courts in the Ninth Circuit as to whether claims were preempted under the first prong of the *Burnside* test when the plaintiffs did not mention a CBA in their complaints. That split was resolved by the Ninth Circuit in its decision in *Curtis*. 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citation omitted); *see also Marquez*, 804 F. App'x at 680 (holding that under the reasoning in *Curtis*, meal period claims are preempted by the LMRA where the § 512(e) requirements are satisfied); *Radcliff v. San Diego Gas & Elec. Co.,*

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

519 F. Supp. 3d 743, 751–52 (S.D. Cal. 2021) (denying the plaintiff's motion to remand after discussing how the Ninth Circuit's opinion in *Marquez* applied *Curtis* to preempt meal period claims when the requirements of § 512(e) were satisfied); *Giles v. Canus Corp.,* No. 22-cv-03097-MMC, 2022 WL 3370793, at *5 (N.D. Cal. Aug. 16, 2022) (citing the decision in *Marquez* in concluding that a construction employee subject to a CBA that met the requirements of § 512(e) had a right to meal periods solely as a result of the CBA and thus his meal period claim was preempted).

Accordingly, the court concludes that plaintiff's meal period claim is preempted by § 301 of the LMRA.

### 2. Supplemental Jurisdiction

Plaintiff's remaining claims arise from the same working conditions and relationship with defendant as plaintiff's claims for failure to provide required meal periods. (*See* Doc. No. 8.) The court therefore finds that the claims derive from a "common nucleus of operative fact" and that this court has supplemental jurisdiction over plaintiff's remaining claims. *See Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (exercising supplemental jurisdiction where remaining claims are "derive[d] from a common nucleus of operative fact" and of the nature which "a plaintiff would ordinarily be expected to try them in one judicial proceeding."); *see also Rodriguez v. Sukut Constr., Inc.,* No. 1:22-cv-01181-CDB, 2022 WL 17547526, at *8 (E.D. Cal. Dec. 9, 2022) (exercising supplemental jurisdiction after finding that the plaintiff's overtime and meal break claims were preempted "to avoid needless expense of judicial resources and the potential for inconsistent judgments due to parallel proceedings"); *Blackwell v. Com. Refrigeration Specialists, Inc.*, No. 2:20-cv-01968-KJM-CKD, 2021 WL 2634501, at *5 (E.D. Cal. June 25, 2021) (exercising supplemental jurisdiction over "other wage and hour violations . . . which arise out of the same employment relationship that gave rise to plaintiff's meal period and overtime claims" which were found to be preempted); *Giles*, 2022 WL 3370793, at *6 (exercising supplemental jurisdiction over remaining claims after finding wage and meal break claims preempted). Because of this, the court need not consider the parties' arguments as to plaintiff's remaining claims over which the exercise of supplemental jurisdiction is appropriate.

8

**CONCLUSION**

For the reasons set forth above, plaintiff's motion to remand this action to the Sutter County Superior Court (Doc. No. 21) is denied. This case remains scheduled for a Status (Pretrial Scheduling) Conference before the assigned Magistrate Judge on February 7, 2024 at 10:00 a.m. via Zoom. (Doc. No. 40.)

IT IS SO ORDERED.

Dated:   **December 7, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE