UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPHSON,<br><br>    Plaintiff,<br><br>    v.<br><br>LAMON CONSTRUCTION COMPANY, INC.,<br><br>    Defendant. | No. 2:23-cv-00043-DAD-AC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 18, 20, 20-1) |

This matter is before the court on defendant's motion to compel arbitration and defendant's motion to dismiss. (Doc. Nos. 18, 20.) On April 21, 2023, the pending motions were taken under submission on the papers pursuant to Local Rule 230(g). For the reasons explained below, the court will grant defendant's motion to compel arbitration and deny defendant's motion to dismiss.

**BACKGROUND**

On November 8, 2022, plaintiff David Josephson initiated a putative wage and hour class action against his employer defendant Lamon Construction Company, Inc. in the Sutter County Superior Court. (Doc. No. 1-4 at 5.) On January 9, 2023, defendant removed the class action to this court. (Doc. No. 1.) On January 17, 2023, defendant filed a motion to dismiss. (Doc. No. 4.) Subsequently, plaintiff filed the operative first amended complaint ("FAC") and defendant

1

withdrew its motion to dismiss. (Doc. Nos. 8, 11.) In his FAC, plaintiff asserts claims under the California Labor Code and the applicable wage orders and alleges that defendant failed to pay minimum wages, provide meal periods, provide rest periods, furnish accurate itemized wage statements, timely pay all wages due upon separation, and reimburse business expenses. (Doc. No. 8 at ¶¶ 63–112.) Plaintiff also asserts a claim under California's Unfair Competition Law ("UCL"). (*Id*. at ¶¶ 113–18.)

On January 18, 2023, plaintiff filed a separate action in the Sutter County Superior Court under the California Private Attorneys General Act of 2004 ("PAGA Action"). On February 22, 2023, defendant removed the PAGA Action to this federal court. On March 3, 2023, this court related and consolidated the cases. (Doc. No. 16.)

On April 7, 2023, defendant filed a motion to compel arbitration as to plaintiff's PAGA Action. (Doc. No. 18 at 6.) In the pending motion, defendant seeks an order compelling arbitration as to plaintiff's individual PAGA claims pursuant to the terms of the collective bargaining agreement that governed his employment ("CBA") and staying this action as to plaintiff's non-individual PAGA claims. (*Id*. at 14–15.) On the same day, defendant also filed a motion to dismiss plaintiff's PAGA Action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the action is barred by Labor Code § 2699.6 or alternatively preempted by § 301 of the Labor Management Rights Act ("LMRA"). (Doc. No. 20 at 9, 15–24.) In connection with this brief, defendant filed a request for judicial notice as to the relevant CBA. (Doc. No. 20-1.) On April 21, 2023, plaintiff filed oppositions to defendant's motion to compel arbitration and motion to dismiss. (Doc. Nos. 26, 27.) In his opposition to defendant's motion to compel, plaintiff does not contest that his individual PAGA claims must be arbitrated; he argues only that his representative PAGA claims can proceed in this court simultaneously. (Doc. No. 27 at 10.) On May 1, 2023, defendant filed replies in support of its motion to compel arbitration and motion to dismiss. (Doc. Nos. 29, 30.)

## LEGAL STANDARD

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. The

1   FAA confers on the parties involved the right to obtain an order directing that arbitration proceed
2   in the manner provided for in a contract between them.  9 U.S.C. § 4.  In considering a motion to
3   compel arbitration, the "court's role under the Act . . . is limited to determining (1) whether a
4   valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the
5   dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.
6   2000).  The party seeking to compel arbitration bears the burden of proving by a preponderance
7   of the evidence the existence of an agreement to arbitrate.  *Ashbey v. Archstone Prop. Mgmt.,*
8   *Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565
9   (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)).

10         There is an "emphatic federal policy in favor of arbitral dispute resolution."  *Mitsubishi*
11  *Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985).  As such, "any doubts
12  concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Id.* at 626
13  (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983)).  This
14  presumption in favor of arbitration policy is "an acknowledgment of the FAA's commitment to
15  overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and to place such
16  agreements upon the same footing as other contracts."  *Granite Rock Co. v. Int'l Bhd. of*
17  *Teamsters*, 561 U.S. 287, 302 (2010).

## DISCUSSION

### A.   Defendant's Request for Judicial Notice

20         Pursuant to Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is
21  not subject to reasonable dispute because it:  (1) is generally known within the trial court's
22  territorial jurisdiction; or (2) can be accurately and readily determined from sources whose
23  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  In ruling on a motion to
24  compel arbitration, "[t]he court may take judicial notice of a CBA . . . [as] such documents
25  properly are considered materials not subject to reasonable dispute because they are capable of
26  accurate and ready determination by resort to sources whose accuracy cannot reasonably be
27  questioned."  *Morris v. Pac.,* No. 2:20-cv-01291-WBS-CKD, 2020 WL 6526248, at *3 (E.D. Cal.
28  Nov. 5, 2020) (internal quotations omitted).  Similarly, in ruling on a motion to dismiss under

3

1   Rule 12(b)(6), the court is permitted to consider materials outside the pleadings if those

2   documents are attached to the complaint, incorporated by reference in the complaint, or are

3   matters of which judicial notice is taken.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

4   2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference

5   into a complaint if the plaintiff refers extensively to the document or the document forms the

6   basis of the plaintiff's claim.").  Defendant requests that the court take judicial notice of the CBA

7   entitled "Master Agreement for Northern California Between Signatory Associations and Local

8   Union No. 3 of the International Union of Operating Engineers, AFL-CIO."  (Doc. No. 20-1 at 1.)

9   Plaintiff does not dispute the authenticity of the CBA, that he was a member of the local union, or

10  that he was a covered employee according to the terms of the CBA when the events alleged in his

11  complaint took place.  (*See* Doc. Nos. 26, 27.)  Because the CBA is not subject to reasonable

12  dispute and will aid the court in assessing defendant's motions, the court will grant defendant's

13  request for judicial notice.  *See Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187

14  (E.D. Cal. 2016) (granting the defendants' request for judicial notice with respect to three CBAs).

15  **B.      Defendant's Motion to Compel**

16        Defendant seeks to compel arbitration as to plaintiff's individual PAGA claims and stay

17  this action as to plaintiff's representative PAGA claims.  (Doc. No. 18.)

18        1.      <u>Plaintiff's Individual PAGA Action</u>

19        The parties agree that plaintiff's individual PAGA Action must be compelled to

20  arbitration under the terms of their CBA.  (*See* Doc. No. 18 at 11; Doc. No. 27 at 10 ("Plaintiff

21  does not contest that his individual PAGA claims must be arbitrated under the terms of the

22  CBA.").)  Further, the court finds that the parties formed a valid arbitration agreement which

23  encompasses plaintiff's individual PAGA claims, and no arguments have been made to the

24  contrary.  (Doc. No. 18-1 at 73–74; Doc. No. 27.)  Therefore, the court will grant defendant's

25  motion to compel arbitration as to plaintiff's individual PAGA claims and stay this action as to

26  those claims.  *See Rubio v. Marriott Resorts Hosp. Corp.*, No. 8:23-cv-00773-FWS-ADS, 2023

27  WL 8153535, at *2 (C.D. Cal. Oct. 17, 2023) (granting the defendant's motion to compel

28  /////

arbitration as to the plaintiff's individual PAGA claims and staying the action as to those claims where the plaintiff "agree[d] that these claims should be arbitrated").

### 2. Plaintiff's Representative PAGA Action

As to plaintiff's representative or non-individual PAGA claims, the parties appear to disagree over the proper course of action. Defendant argues that the representative claims should be stayed pending the outcome in *Adolph v. Uber Technologies, Inc*. (California Supreme Court Case No. S274671), which was at the time under review by the California Supreme Court. (Doc. No. 18 at 12.) It was anticipated that the decision would resolve the question left open by the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022) regarding what courts should do with representative PAGA claims that cannot be compelled to arbitration, and whether such claims must be dismissed for lack of standing when the associated individual PAGA claims are compelled to arbitration. (*Id.* at 13.) However, in his opposition to the pending motion to compel arbitration, plaintiff argued that his representative PAGA claims should proceed in this court concurrently with the arbitration of his individual PAGA claims, disagreeing with defendant's assessment that these claims should be stayed pending the decision in *Adolph*. (Doc. No. 27 at 10.) Confusingly, plaintiff also stated in his opposition to defendant's motion to dismiss that not only does he not oppose defendant's motion to compel arbitration of his individual PAGA claims, but he also joins defendant's request to stay the representative PAGA claims pending the outcome of *Adolph*. (Doc. No. 26 at 13.)

While these conflicting arguments make plaintiff's precise position unclear, the court notes that after the pending motions were taken under submission, the California Supreme Court issued its decision in *Adolph*. In it, the California Supreme Court clarified that "where a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the plaintiff of standing to litigate non-individual claims in court." *Adolph v. Uber Techs., Inc.,* 14 Cal. 5th 1104, 1125 (2023). Further, the court stated that trial courts could adopt the following procedure:

> [T]he trial court may exercise its discretion to stay the non-individual claims pending the outcome of the arbitration pursuant to section 1281.4 of the Code of Civil Procedure. Following the arbitrator's

5

> decision, any party may petition the court to confirm or vacate the arbitration award under section 1285 of the Code of Civil Procedure. If the arbitrator determines that [the plaintiff] is an aggrieved employee in the process of adjudicating his individual PAGA claim, that determination, if confirmed and reduced to a final judgment (Code Civ. Proc., § 1287.4), would be binding on the court, and [the plaintiff] would continue to have standing to litigate his nonindividual claims. If the arbitrator determines that [the plaintiff] is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and [the plaintiff] could no longer prosecute his non-individual claims due to lack of standing.

*Id.* at 1123–24.

Since this decision in *Adolph*, other district courts in California have concluded that plaintiffs retain standing to pursue non-individual PAGA claims in federal court when their individual PAGA claims have been ordered to arbitration and have adopted the above-described procedure. *See Filemon Colores v. Ray Moles Farms, Inc.,* No. 1:21-cv-00467-JLT-BAM, 2023 WL 6215789, at *3 (E.D. Cal. Sept. 25, 2023) (noting that the court found persuasive the defendant's argument that "this case should be stayed pending the outcome of the arbitration process for the reasons explained in *Adolph* itself"); *Radcliff v. San Diego Gas & Elec. Co.*, No. 20-cv-01555-H-MSB, 2023 WL 8264445, at *1 (S.D. Cal. Nov. 28, 2023) (ordering the parties to arbitrate the plaintiff's individual PAGA claim and staying the representative PAGA claim pending the outcome of the arbitration); *Rubio*, 2023 WL 8153535, at *4 ("The court also adopts *Adolph*'s proposed procedure and stays [the p]laintiff's non-individual PAGA claims pending the result of arbitration.").

Accordingly, the court will stay plaintiff's representative PAGA claims in line with the decision of the California Supreme Court in *Adolph*.

**C.     Defendant's Motion to Dismiss**

As noted previously, defendant also filed a motion to dismiss the PAGA claims brought in this case. (Doc. No. 20.) However, because the court will compel arbitration of the individual PAGA claims and stay the non-individual PAGA claims pending the outcome of those arbitration proceedings, the court will also deny defendant's motion to dismiss as moot. This denial is

/////

6

without prejudice to its refiling or the filing of a renewed motion to dismiss the representative PAGA claims if appropriate after the stay is lifted.

## CONCLUSION

For the reasons explained above:

1. Defendant's request for judicial notice (Doc. No. 20-1) is granted;
2. Defendant's motion to compel arbitration of plaintiff's individual PAGA claims (Doc. No. 18) is granted;
    a. Plaintiff's individual and representative PAGA claims are stayed pending the completion of arbitration;
3. Plaintiff and defendant are required to notify the court that arbitration proceedings have concluded within fourteen (14) days of the issuance of the arbitrator's decision; and
4. Defendant's motion to dismiss (Doc. No. 20) is denied without prejudice as having been rendered moot by this order.

IT IS SO ORDERED.

Dated: **January 31, 2024**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE