BRANDON BROUILLETTE, ESQ. (SBN 273156)
bbrouillette@crosnerlegal.com
CHAD SAUNDERS, ESQ. (SBN 257810)
chad@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiff David Josephson*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPHSON, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>LAMON CONSTRUCTION COMPANY INC., a California Corporation,<br><br>　　　　Defendant. | Case No.: 2:23-cv-00043 AC<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT UNDER PRIVATE ATTORNEYS GENERAL ACT**<br><br>Date:　December 18, 2024<br>Time:　1:30 p.m.<br>Place:　Courtroom 4, 15th Floor |

Under California Labor Code § 2699(*l*)(2) of the Private Attorneys General Act of 2004 ("PAGA"), Plaintiff David Josephson's Motion for Approval of Settlement under PAGA came before this Court on December 17, 2024 on a regularly noticed motion.

Plaintiff's Complaint seeks civil penalties on behalf of the State of California and similarly situated aggrieved employees (the "Aggrieved Employees"), as authorized by PAGA under California Labor Code § 2699, in relation to alleged violations of the predicate statutes set forth in Plaintiff's operative complaint and his letter to the California Labor Workforce & Development Agency ("LWDA") dated November 10, 2022 (the "PAGA Notice"), on behalf of all current and former non-exempt employees of Defendant Lamon Construction Company, Inc. ("Lamon" or "Defendant") in California from November 14, 2021 to August 5, 2024.

Under PAGA, in any action brought by an aggrieved employee, the Court "shall review and approve any settlement of any civil action filed pursuant to this part." Cal. Lab. Code § 2699 (*1*)(2). Accordingly the Court, having considered the proposed settlement set forth in the Settlement Agreement, including the proposed PAGA penalties, under California Labor Code § 2699(*1*)(2), having considered the papers filed in support of the proposed settlement and the arguments of counsel, and good cause appearing, HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court finds the instant Action presents a good faith dispute of the claims alleged;

2. The Court finds in favor of settlement approval, and therefore approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement and each of the releases and other terms, as fair, just, reasonable, and adequate;

3. The Court finds further that all Aggrieved Employees are deemed to release, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, the Released Parties from all claims for PAGA penalties arising during the PAGA Period that were alleged, or reasonably could have been alleged, based on the facts stated in the Operative Complaint and the PAGA Notice, including, but not limited to: all claims for civil penalties, interest, attorneys fees' and costs, under the PAGA, including, but not necessarily limited to, claims for: (1) failure to keep accurate records; (2) failure to produce

employment records; (3) meal period violations; (4) rest period violations; (5) minimum wage and overtime violations; (6) failure to provide written commission agreements; (7) violation of Labor Code section 976; (8) violation of Labor Code section 226.2; (9) statutory wage violations; (10) refusal to make payment; (11) standard condition of labor violations; (12) business expense violations; (13) wage statement violations; (14) unlawful deductions; (15) seating violations; (16) sick leave violations; (17) failure to provide supplemental paid sick leave; (18) failure to pay vested vacation/paid time off; (19) untimely payment of final wages; and (20) unlawful agreements/unlawful criminal history inquiries.

4. The Court finds further that the foregoing release shall be binding on Plaintiff and the State of California as to those claims brought in the Action, and may bar any claim under PAGA brought by any person, including the Aggrieved Employees, on behalf of the State of California, as to the Released PAGA Claims and Released Parties.

5. The Parties are directed to comply with all terms of the Settlement Agreement, and Defendant is directed to make all payments required by the Settlement Agreement;

6. Under the Settlement Agreement, Defendant agrees to pay Two Hundred Sixty Three Thousand Dollars and No Cents ($263,000.00) (the "Gross Settlement Amount"). The Gross Settlement Amount is inclusive of payments to the LWDA and Aggrieved Employees, an enhancement award to Plaintiff, Attorney's Fees and Costs, and Administration costs. No portion of the Gross Settlement Amount will revert to Defendant. Plaintiff requests a representative enhancement award of $5,000.00, and Plaintiff's Counsel requests an award of attorney's fees of $87,857.90 and reimbursement of actual litigation expenses of $7,981.71. Defendant does not oppose these requests. The Court finds the Gross Settlement Amount is fair, reasonable and adequate, and approves each of these payments, and directs the Settlement Administrator to make the following payments from the Gross Settlement Amount:

    a.     $87,857.90 in attorney's fees to Crosner Legal, PC;

    b.     $7,981.71 in litigation costs to Crosner Legal, PC;

    c.     $5,000.00 to Plaintiff David Josephson as a representative enhancement for his services as the named plaintiff in this matter; and

   d. $2,750.00 in administration costs to Simpluris, Inc., which is approved by the Court as the Settlement Administrator;

  7. After deducting the foregoing payments, the estimated remainder of approximately $159,610.39 shall form the Net Settlement Amount ("NSA").  Pursuant to Labor Code section 2699(i), the NSA will then be distributed 75 percent (approximately $119,709.79) to the LWDA, and the remaining 25 percent (approximately $39,902.60) to the Aggrieved Employees on a pro rata basis, as set forth in the Settlement Agreement. The Court approves these payments, and directs the Settlement Administrator to issue checks to the LWDA and Aggrieved Employees, along with the Notice of PAGA Settlement, as set forth in the Settlement Agreement, and to otherwise carry out its duties as set forth in the Settlement Agreement; and

  8. The Court reserves exclusive and continuing jurisdiction over the Action and the Parties for the purpose of supervising implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.

**IT IS SO ORDERED.**

Date: December 18, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE